IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ROBERT SHEPARD                                                                                    PLAINTIFF

VS.                                                                                      NO. 2:04CV330-D-B

CITY OF BATESVILLE, MISSISSIPPI, et al.                                                     DEFENDANTS

OPINION GRANTING IN PART AND DENYING IN PART
MOTION FOR SUMMARY JUDGMENT

Presently pending before the Court is the Defendant City of Batesville's motion for summary judgment. Upon due consideration, the Court finds that the motion shall be granted in part and denied in part.

*A. Factual Background*

The Plaintiff initiated this antitrust action on November 19, 2004. The Plaintiff, Robert Shepard, owns a construction business in Courtland, Mississippi. The Plaintiff's business involves earthmoving work, dirt movement and removal, gravel supplies, and other business involving trucks and tractors. The Plaintiff performs contract work in North Mississippi and in Memphis, Tennessee.

During the years 2003 and 2004, the Plaintiff submitted bids on public contracts with the Defendant City of Batesville. During those years, the Plaintiff was the lowest and best bidder on several contracts and the alternate bidder on other contracts. Despite being the lowest and best bidder, the Plaintiff received only one contract during that time. The other Defendants in this case received multiple contracts from the City of Batesville on those same jobs even though they were not the lowest and best bidder and at times not the alternate bidder.

The Plaintiff filed this suit alleging that the City of Batesville, Brocato Construction, Inc, W & W Contractors, Inc., Rebel Construction Company, Inc., and Evans Sand & Gravel, Inc. violated

the antitrust laws, including the Clayton Act, of the United States and Mississippi by participating in noncompetitive bidding and acts of unreasonable restraint of trade. The Plaintiff also alleges that the Defendants violated his procedural and substantive due process rights under the Fourteenth Amendment. The Plaintiff asserts that Miss. Code Ann. § 31-7-13(d) provided him a property interest in the contracts since he was the lowest and best bidder. The Plaintiff alleges that the City of Batesville never held a hearing as to why he did not receive those jobs. Finally, the Plaintiff alleges that the City of Batesville committed arbitrary governmental action that violates the substantive prong of the due process clause.

The Defendant City of Batesville now moves this Court to grant it summary judgment on all of Plaintiff's claims. The City of Batesville claims that the Plaintiff has failed to produce any evidence proving an antitrust violation occurred. In addition, the City of Batesville claims that it is immune under the Local Government Antitrust Act ("LGAA"), 15 U.S.C. § 35 (2004). The Defendant also states that the Plaintiff has failed to prove a state law antitrust claim because the Plaintiff has not produced proof that there was an undue or unreasonable restraint of trade injurious to the public good. In addition, the Defendant City of Batesville asserts that there is no Section 1983 violation because the Plaintiff cannot make a prima facie showing for his procedural and substantive due process claims. The other Defendants all joined the Defendant City of Batesville's motion for summary judgment.

The Plaintiff rebuts that it has produced evidence of antitrust violations. The Plaintiff responds that caselaw states that antitrust violations can be proved by circumstantial evidence. In addition, the Plaintiff claims that it has met its burden in providing sufficient evidence for its procedural and substantive due process claims. Finally, the Plaintiff states that the City of Batesville is not entitled to immunity under the Local Government Antitrust Act. The Plaintiff argues that the

LGAA is an extension of the state action immunity doctrine provided in Parker v. Brown, 317 U.S. 341 (1943). Thus, a municipality desiring to invoke this immunity must be acting pursuant to a state policy to displace competition with regulation or monopoly public service.

## B.  Standard of Review

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. V. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) (the burden on the moving party may be discharged by 'showing . . . that there is an absence of evidence to support the non-moving party's case" Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trail.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. At 2553, 91 L. Ed. 2d At 274.  That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e).  All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct 2505, 2513, 91 L. Ed. 2d 202, 216 (1986).  Rule 56(C) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

## C.  Discussion

1.  The Local Government Antitrust Act

The LGAA provides: "No damages, interest on damages, costs, or attorney's fees may be recovered under section 4, 4A or 4C of the Clayton Act (15 U.S.C. 15, 15a, or 15c ) in any claim against a person based on any official action directed by a local government, or official or employee thereof acting in an official capacity." 15 U.S.C. § 36(a).  Congress passed the LGAA in response

to an increasing number of antitrust suits that threatened to undermine a local government's ability to function and govern in the public interest. GF Gaming Corp. v. City of Black Hawk, Colorado, 405 F.3d 876, 885 (10th Cir. 2005). The provisions of the Clayton Act cited by the LGAA provide the private damages remedy for the violation of the Sherman Act. Crosby v. Hosp. Authority, 93 F.3d 1515, 1536, (11th Cir. 1996). The Court finds that the Complaint and Amended Complaint ask for money damages as relief from the antitrust actions. The Court also finds that the City of Batesville is a political subdivision of Mississippi and a local government. Therefore, under the plain language of the LGAA, the City of Batesville is immune from the federal antitrust claims. See Patel v. Midland Memorial Hospital and Medical Center, 298 F.3d 333, 346 (5th Cir. 2002).

The Plaintiff argues that the LGAA does not apply when the municipality has not acted in accordance with a clearly articulated state policy. This doctrine is known as the state action doctrine and was announced by the Supreme Court in Parker v. Brown, 317 U.S. 341, 63 S. Ct. 307, 87 L. Ed 315 (1943). The Supreme Court expanded the state action doctrine to include municipalities and political subdivisions in Town of Hallie v. City of Eau Claire, 471 U.S. 34, 105 S. Ct. 1713, 85 L. Ed 2d 24 (1985). In Town of Hallie, the Supreme Court held that political subdivisions are not automatically immune because they are not sovereign. 471 U.S. at 38, 105 S. Ct at 1716. A political subdivision or municipality is only immune from antitrust actions when it acts pursuant to a clearly articulated and affirmatively expressed state policy. Id. at 45-46. The state action doctrine was articulated when a governmental entity sought protection under Eleventh Amendment Immunity. The Defendant City of Batesville argues that it has not sought protection under the Eleventh Amendment and is not subject to the state action doctrine.

The Court finds that Congress endorsed and expanded the state action doctrine when it passed the LGAA. Martin v. Memorial Hospital at Gulfport, 86 F.3d 1391, 1397 (5th Cir. 1996).

The Court notes that the plain language of the LGAA does not take into consideration the motives of a political subdivision or municipality. See Sandcrest Outpatient Services, P.A. v. Cumberland County Hosp. Sys., Inc., 853 F.2d 1139, 1146 (4th Cir. 1988). Therefore, the Court finds that the Defendant City of Batesville is immune from the federal antitrust laws. Thus, the Court finds that the Defendant City of Batesville is entitled to judgment as a matter of law on Plaintiff's federal antitrust claims.

2. All Other Claims

The court finds that genuine issues of material fact exist, and that the Defendant has failed to show that it is entitled to judgment as a matter of law. Further, the court has the discretion, which it exercises here, to allow the Plaintiff's claims to proceed to trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986) ("Neither do we suggest ... that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial."). Thus, the Defendants' motion for summary judgment is denied as to the Plaintiff's state law antitrust claims, the Plaintiff's substantive and procedural due process claims, and Plaintiff's federal antitrust claims against all Defendants except the City of Batesville.

*D. Conclusion*

In sum, the Court finds that the Defendant City of Batesville is absolutely immune from the Plaintiff's federal antitrust claims under the Local Government Antitrust Act. The Court will grant the City of Batesville judgment as a matter of law on Plaintiff's federal antitrust claims. As to all other claims, the Court finds that genuine issues of material fact exist and that summary judgment is denied.

A separate order in accordance with this opinion shall issue this day.

This the 10th day of July 2006.

/s/ Glen H. Davidson
Chief Judge